### HUMPHREY v. WATSON ET AL.

An averment against the express condition of a bond cannot be admitted.

ACTION on bond. Plea in bar — That in December A. D. 1773, the plaintiff and Titus Watson were partners in trade;

that in A. D. 1774 they dissolved their copartnership; that said company were indebted to sundry merchants in New York; that the condition of said bond is to indemnify and save harmless the plaintiff from all the copartnership debts, which commenced in December A. D. 1773, and avers that the defendant and said Titus had fully paid all said debts, and indemnified the plaintiff.

Plaintiff replies — That the said partnership is described in said bond to have commenced in December A. D. 1773; whereas in fact, it commenced in December A. D. 1772; and was so meant and intended by said bond; and that there is a debt of £300 due Mr. Seabering, contracted after December A. D. 1772, which has not been paid.

The defendant rejoins — That he knew of no partnership, but the one described in the condition of said bond, and traverses its being meant and intended by the condition of said bond, to take in a partnership which commenced in December A. D. 1772, contrary to the express words of it. The plaintiff demurs specially.

Judgment — That the rejoinder of the defendant is sufficient. It not being competent for the plaintiff to make an averment contrary to the express words of the bond; besides the plaintiff hath not shown any breach of the condition of said bond.